**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO. 3:15-CV-760-DJH**

**DENNIS JAMES MIRACLE,**                                                   **Petitioner,**

**v.**

**AARON SMITH, Warden,**                                                   **Respondent.**

**FINDINGS OF FACT**
**CONCLUSIONS OF LAW**
**AND RECOMMENDATION**

Petitioner Dennis James Miracle ("Petitioner") filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (DN 8 (amended petition).) Respondent Aaron Smith, Warden ("Respondent"), filed a response (DN 11). Petitioner did not file a reply. This matter is ripe for review. For the following reasons, the undersigned recommends that the habeas petition be denied.

**FINDINGS OF FACT**

In August of 2010, Petitioner was convicted in Laurel (Kentucky) Circuit Court of violating KRS 527.040, possession of a firearm by a convicted felon. (DN 11-1 at 1 (Dept. of Corrections Resident Record Card); KRS 527.040.) He was sentenced to a seven-year term of imprisonment. (DN 11-1 at 1.) At the time he filed the amended habeas petition (DN 8), Petitioner had been in custody for approximately six years and was incarcerated at the Kentucky State Reformatory.

The Court has experienced significant difficulty in interpreting Petitioner's amended habeas petition due to his nearly illegible handwriting. (*See generally* DN 8.) Accordingly, the findings, conclusions, and recommendations herein are based upon the Court's best efforts in deciphering the petition. Petitioner concedes that he did not directly appeal his conviction;

however, he appears to assert that he challenged some aspect of his confinement by contacting the commissioner of the Kentucky state prison system in 2012 and 2013. (DN 8 at 4.) It appears to the Court that the basis for the habeas petition is Petitioner's assertion that during his incarceration, he, a disabled individual, has been subjected to the improper loss of some six hundred days of good time credit. (*See generally* DN 8 at 1-4.) He further alleges that his treatment at the hands of prison staff amounted to cruel and unusual punishment. (*Id.* at 3.)

In response, Respondent contends that in his first six years of incarceration, Petitioner was the subject of approximately 70 disciplinary actions, resulting in sanctions including loss of 639 days of good time credit. (DN 11 at 1.) Respondent interprets Petitioner's position as follows: that the court should restore all good time credit lost "on the general theory that the U.S. Supreme Court has ruled that good time credit cannot be taken and that taking his good time credit amounts to cruel and unusual punishment, in violation of [the Eighth Amendment]." (*Id.* at 1-2.) The Court concurs with this summary of Petitioner's position.

Respondent asserts that the petition should be denied for two reasons: (1) failure to exhaust state remedies; and (2) lack of specific allegations of violations of Petitioner's due process rights. Specifically, Respondent asserts that typically, an inmate claiming violations of due process rights would file a state court petition for declarations of rights. (*Id.* at 2 (citing *Smith v. O'Dea*, 939 S.W.2d 353, 355 (Ky. App. 1997)).) Respondent states that it can find no record of Petitioner initiating such an action to challenge the disciplinary actions underlying the claim he now makes in his habeas petition. (*Id.*) Further, Respondent argues that the petition merely asserts that the disciplinary actions to which Petitioner was subjected violated his rights,

and that the petition contains no substantive factual allegations. (*Id.* at 2-3.) As is stated above, Petitioner did not file a reply.

The Court notes that by letter to the Court dated July 12, 2016, Petitioner also alleged various other actions by the Kentucky State Reformatory, including that it took possession of money given to Petitioner by his sister, who is disabled, that he has been refused a job while incarcerated, and that he has been wronged in relation to certain medical- and medical equipment-related issues. (*See* DN 13 (including attachments).) The Court responded by mailing to Petitioner a memorandum dated August 16, 2016 (DN 14). Therein, the Court informed Petitioner that it could not give legal advice; enclosed with that letter, the Court provided to Petitioner materials containing information on filing a civil rights action pursuant to 42 U.S.C. § 1983. (*Id.*) Indeed, the Court is aware of two lawsuits in this District filed by Petitioner against the Kentucky State Reformatory and various employees thereof, alleging various civil rights abuses. In mid-2017, Chief Judge Joseph H. McKinley, Jr. dismissed both civil actions for Petitioner's failure to provide the Court with written notice of a change of mailing address in violation of Rule 5.2(e) of the Joint Local Rules of Civil Practice and failure to prosecute in violation of Rule 41(b) of the Federal Rules of Civil Procedure. *See Miracle v. Smith, et al.*, Civil Action No. 3:16-cv-346-JHM (DN 25-26); *Miracle v. Reivous, et al.*, Civil Action No. 3:14-cv-690-JHM (DN 57-58).

## CONCLUSIONS OF LAW

### A. Statute Applicable to the Instant Habeas Petition

Petitioner filed his petition under 28 U.S.C. § 2241. (*See* DN 8.) Section 2241 is properly used for petitions challenging "the manner in which a sentence is executed." *Capaldi v.*

*Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998).  The Sixth Circuit holds, therefore, that computation of meritorious good time credits is a proper Section 2241 challenge.  *Fryar v. Smith*, 2017 U.S. Dist. LEXIS 108385, *8 (W.D. Ky. July 13, 2017) (citing *Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004)).  Notably, however, in the Sixth Circuit, state prisoners who proceed under Section 2241 do so subject to the same restrictions imposed by Section 2254.  *Allen v. White*, 185 F. App'x 487, 490 (6th Cir. 2006) (citing *Greene v. Tenn. Dep't of Corr.*, 265 F.3d 369, 371 (6th Cir. 2001)); *see Williams v. White*, 2014 U.S. Dist. LEXIS 183020, *5 n.3 (W.D. Ky. Mar. 23, 2015) (citing *Allen*, 185 F. App'x 487) ("While a federal prisoner may collaterally attack the lawfulness of his sentence under § 2255 and the execution of his sentence under § 2241, for state prisoners, § 2254 is the proper vehicle for both types of collateral challenges.").

Courts within the Sixth Circuit have applied this rule in habeas cases in which the petitioner asserts a claim related to loss of good time credit.  *See, e.g.*, *Watkins v. Webb*, 2005 U.S. Dist. LEXIS 8239, *8-9 (W.D. Ky. May 5, 2005) (stating that as petitioner was serving a sentence pursuant to a state court conviction, Section 2254 was "correct vehicle to contest the loss of good time credit" and other sanctions regardless of whether he initially filed petition under Section 2241 or Section 2254) (citing *Greene v. Tenn. Dep't of Corr.*, 265 F.3d 369, 371-72 (6th Cir. 2001)).  In this case, Petitioner was convicted in and sentenced by a state court.  Accordingly, based on the rule set forth above, his habeas petition is "governed by the requirements of Section 2254" regardless of it having been brought initially under Section 2241.  *Id.* at *9.

### B. Mootness of the Habeas Petition

Federal courts may adjudicate only actual and ongoing controversies. This Court has found previously that a habeas petition is moot due to the petitioner's pending release. *See Clayton v. United States Army*, 2010 U.S. Dist. LEXIS 5315, *1-2 (W.D. Ky. Jan. 22, 2010) ("The Court finds that [petitioner's] habeas corpus petition is moot because of his pending release, and federal courts may adjudicate only actual and ongoing controversies.") (citing *Jallayou v. Kimble*, 2009 U.S. Dist. LEXIS 103387, *2 (D. Ariz. Nov. 5, 2009) (citing *Lewis v. Continental Bank Corp.*, 494 U.S. 472 (1990))). Specifically relevant to Petitioner's claim in this case, federal courts have concluded that claims for loss of good time credit become moot when a petitioner is released. *Clayton*, 2010 U.S. Dist. LEXIS 5315 at *2 (citing *Gray v. Dretke*, 135 F. App'x 711, 712 (5th Cir. 2005)); *see Gray*, 135 F. App'x at 712 (noting that good time credits apply only to inmate's eligibility for parole or mandatory supervision, do not affect length of sentence, and that revocation of parole would not result in restoration of good time credits) (citing *Hallmark v. Johnson*, 118 F.3d 1073, 1075-76 (5th Cir. 1997)) (additional citation omitted).

Based upon the records in the two Section 1983 actions initiated by Petitioner, the Court is aware that Petitioner is no longer in custody. Specifically, the Kentucky Department of Corrections produced a Notice of Discharge showing that Petitioner was released from custody in relation to the August 2010 conviction in Laurel Circuit Court for possession of a handgun by a convicted felon, the conviction that he challenges with his habeas petition. (*See* Civil Action No. 3:16-cv-346-JHM, DN 20-2.) The Notice of Discharge states that Petitioner was released from custody on January 6, 2017. (*Id.*) This document is in the public record by virtue of the

civil actions initiated by Petitioner.

Consistent with the cases set forth above, the Court concludes that the habeas petition is moot because Petitioner was discharged from state custody. As he is no longer incarcerated, there is no actual, ongoing controversy subject to adjudication by this Court. Moreover, the case law establishes that a habeas claim premised on loss of good time credit is moot upon release; such cases are precisely on point here. Accordingly, the undersigned Magistrate Judge recommends that the habeas petition be denied on the basis of mootness.

### C. Alternate Grounds for Denial of Petition

Even if the habeas petition were not moot due to Petitioner's discharge from custody, the undersigned Magistrate Judge would recommend that it be denied for several other reasons.

A state prisoner must exhaust available state remedies before seeking habeas relief under Section 2254. 28 U.S.C. § 2254(b); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The purpose of this rule is to give state courts an "opportunity to pass upon and correct" the alleged constitutional violation. *Id*. (internal quotation marks and citation omitted); *Whiting v. Burt*, 395 F.3d 602, 612 (6th Cir. 2005). "To provide the State with this necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin*, 541 U.S. at 29 (quoting, in part, *Duncan v. Henry*, 513 U.S. 364, 65-66 (1995)). Therefore, a state prisoner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254 (c). The petitioner has the burden of proving exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

In this case, Respondent argues that Petitioner failed to exhaust state remedies because he did not initiate any sort of state court action to appeal the adverse disciplinary decisions that resulted in his loss of good time credit. (*See* DN 11 at 1-2.) Respondent states that while Petitioner avers that he filed an administrative grievance and appealed to the Commissioner of the Department of Corrections, Respondent has no record of being the subject of any state court action related to Petitioner's disciplinary consequences. (*Id.*) Respondent argues that the appropriate vehicle for Petitioner to make such a claim is a state court petition for declaration of rights. (*Id.* at 2 (citing *Smith v. O'Dea*, 939 S.W.2d 353, 355 (Ky. 1997)).) Indeed, the Kentucky Supreme Court case upon which Respondent relies provides, "A petition for declaratory judgment pursuant to KRS 418.040 *has become the vehicle* . . . whereby inmates *may* seek review of their disputes with the Corrections Department." *O'Dea*, 939 S.W.2d at 355 (emphases added); *see* KRS 418.040.[1]  The problem with this argument, however, is that Respondent has not shown, and the Court's independent research has not been able to confirm, that an action for declaration of rights is *required* by state law to be undertaken by a prisoner in order to exhaust his or her state remedies as to a claim against Kentucky state corrections. While the case law, including *O'Dea*, *supra*, certainly suggests that this is the proper means of pursuing such a claim, it does not appear to the Court that Kentucky law *requires* a prisoner to go down that avenue prior to filing a federal habeas petition. For that reason, under these particular circumstances, the Court cannot conclude that Petitioner failed to exhaust his state remedies.

Absent a finding that a state prisoner failed to exhaust state remedies, the Court may deny

---

[1] "In any action in a court of record of this Commonwealth having general jurisdiction wherein it is made to appear that an actual controversy exists, the plaintiff may ask for a declaration of rights, either alone or with other relief; and the court may make a binding declaration of rights, whether or not consequential relief is or could be asked." KRS 418.040.

a habeas petition on the merits. Section 2254(b)(2) provides that "[a]n application for writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2); *Wollett v. Curtis*, 2006 U.S. Dist. LEXIS 16604, *8 (E.D. Mich. Feb. 28, 2006) ("A federal court may deny a habeas petition on the merits despite a petitioner's failure to exhaust state remedies for all his claims.") (citing *Cain v. Redman*, 947 F.2d 817, 820 (6th Cir. 1991), *cert. denied*, 503 U.S. 922 (1992) (holding that doctrine of exhaustion raises only federal-state comity concerns and is not a jurisdictional limitation on power of the court)) (additional citation omitted).

Rule 2(c)(2) of the Rules Governing Section 2254 Cases provides that a 2254 petition "must . . . state the facts supporting each ground[.]" *See also McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Habeas corpus petitions must meet heightened pleading requirements[.]") (citing 28 U.S.C. § 2254 Rule 2(c)). The Advisory Committee Notes to Rule 2(c) provide that, "[i]n the past, petitions have frequently contained mere conclusions of law, unsupported by any facts[, and because] it is the relationship of the facts to the claim asserted that is important, these petitions were obviously deficient." Advisory Committee Notes to Rule 2. Mere notice pleading is insufficient in habeas actions. *See, e.g.*, *Mayberry v. Petsock*, 821 F.2d 179, 185 (3d Cir. 1987) ("[N]otice pleading is not countenanced in habeas petitions.") (citing *Blackledge v. Allison*, 431 U.S. 63, 80 (1977)). In this case, Petitioner fails to comply with Rule 2(c)(2). His petition is devoid of factual allegations regarding the events surrounding the loss of good time credits. He merely argues that his good time credits were taken from him inappropriately. Without more information or relevant records, the Court cannot properly evaluate his claim. Accordingly, the undersigned Magistrate Judge recommends denial of the habeas petition for failure to comply

with Rule 2(c)(2)'s requirement that a petition contain facts supporting each ground for relief.

Additionally, Petitioner appears to argue that the loss of good time credit violates his Eight Amendment right to be free from cruel and unusual punishment. The Sixth Circuit has held that "a sentence within the statutory maximum set by statute generally does not constitute 'cruel and unusual punishment.'" *Wollett*, 2006 U.S. Dist. LEXIS 16604 at *19 (quoting *United States v. Organek*, 65 F.3d 60, 62-63 (6th Cir. 1995)) (additional citations omitted). In this case, Petitioner was convicted of violating KRS 527.040, possession of a firearm by a convicted felon; because the firearm in question was a handgun, this was a Class C felony. (*See* DN 11-1 at 1 (Department of Corrections Resident Record Card); KRS 527.040.) Under Kentucky law, the sentencing range for Class C felonies is not less than five years and not more than ten years. KRS 532.060. Petitioner was sentenced to seven years' imprisonment, which is squarely within that range. Accordingly, any decision to take away or not award him good time credits that would have shortened his sentence did not violate the Eighth Amendment. *See Wollett*, 2006 U.S. Dist. LEXIS 16604 at *20 ("Petitioner's sentence did not exceed the Michigan statutory maximum. Therefore, the decision not to grant Petitioner special good-time credits which would have shortened his sentence did not constitute cruel and unusual punishment."). Based upon the foregoing, the Magistrate Judge recommends that, to the extent that Petitioner asserts a violation of the Eighth Amendment as a ground for relief, his habeas petition be denied.

Finally, to the extent that Petitioner attempts to assert a violation of his due process rights, prisoners have no due process interest in the opportunity to earn good time credits. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996) (citing *Sandin v. Conner*, 115 S. Ct. 2293, 2302 (1995) (holding that if "the State's action will inevitably affect the duration of [the]

sentence," there is due process protection, but that there is no such protection for an action that merely *might* affect the duration of the sentence)). Based upon the foregoing, the Magistrate Judge recommends that, to the extent that Petitioner asserts a violation of his due process rights, his habeas petition be denied.

### B. Certification of Appealability

The final question before the Court is whether Petitioner is entitled to a certificate of appealability ("COA"). A COA is only available "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has elaborated on the requirements of 28 U.S.C. § 2253(c), "declar[ing] that the substantial showing of a constitutional right that a habeas petitioner must make under § 2253(c) to obtain a COA 'includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" *Bradley v. Birkett*, 156 Fed. Appx. 771, 772 (quoting *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000)) (internal quotation omitted).

In this case, Petitioner has failed to make a showing required to support the issuance of a COA. He has not sufficiently set forth factual allegations to support his claims for relief. He has not established the denial of a constitutional right, whether a violation of the Eighth Amendment prohibition against cruel and unusual punishment or a violation of his due process rights. These conclusions are not reasonably debatable. Accordingly, the Magistrate Judge recommends that a COA be denied.

### RECOMMENDATION

The Magistrate Judge, having made findings of fact and conclusions of law, recommends

that the petition be **DENIED** and **DISMISSED WITH PREJUDICE**. The Magistrate Judge further recommends that Petitioner Miracle be denied a certificate of appealability as to each of his claims.

<u>**Notice**</u>

Pursuant to 28 U.S.C. § 636(b)(1)(B)-(C), the undersigned Magistrate Judge hereby files with the Court the instant findings and recommendations. A copy shall forthwith be electronically transmitted or mailed to all parties. 28 U.S.C. § 636(b)(1)(C). Within fourteen (14) days after being served, a party may serve and file specific written objections to these findings and recommendations. Fed. R. Crim. P. 59(b)(2). Failure to file and serve objections to these findings and recommendations constitutes a waiver of a party's right to appeal. *Id.; United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981); *see also Thomas v. Arn,* 474 U.S. 140 (1985).

cc:  Counsel of record
       Petitioner, *pro se*