UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| DENNIS JAMES MIRACLE, | ) |
| Petitioner, | ) Civil Action No. 3:15-cv-760-CHB |
| v. | ) |
| AARON SMITH, Warden, Kentucky State Reformatory, | ) **ORDER ADOPTING IN PART REPORT AND RECOMMENDATION** |
| Respondent. | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Colin Lindsay [R. 15]. The Report and Recommendation addresses the *pro se* amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 8] filed by the petitioner.

In his Report and Recommendation, Magistrate Judge Lindsay concluded that the petition is moot; that the petitioner did not fail to exhaust available state remedies; that the petition fails to meet the fact pleading requirement set out in Rule 2(c)(2) of the Rules Governing Section 2254 Cases; that the Eighth Amendment and any due process claims have no merit; and that the petitioner is not entitled to a certificate of appealability. [R. 15 at 5-10] The Magistrate Judge recommended that the petition be denied and dismissed with prejudice, and that the petitioner be denied a certificate of appealability as to each of his claims. *Id.* at 11.

Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a *de novo* or any other standard . . . ." *See Thomas v. Arn*, 474 U.S. 140, 151

(1985). Parties who fail to object to a magistrate's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Judge Lindsay's Report and Recommendation advised the parties that any objections must be filed within fourteen (14) days of service. [R. 15 at 11]  The time to file objections has passed, and neither party has filed any objections to the Report and Recommendation nor sought an extension of time to do so. *See Id.* at 11; Fed. R. Crim P. 59(b).  Nevertheless, this Court has examined the record, and agrees with the Magistrate Judge's Report and Recommendation to the extent that it points out that the petitioner's habeas petition is clearly moot and that it fails to comply with Rule 2(c)(2) of the Rules Governing Section 2254 Cases (which requires the petitioner to plead facts supporting his petition).[1]  Likewise, the Court agrees that the petitioner is not entitled to a certificate of appealability.  The petitioner has not shown that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," nor "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling" as to mootness and failure to comply with Rule 2(c)(2) of the Rules Governing Section 2254 Cases. *Bradley v. Birkett*, 156 F. App'x 771, 772 (6th Cir. 2005) (citing *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

Accordingly, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

---

[1] It appears that the petition may also contain claims based on "assault and battery . . . [by] KSR staff." [R. 8 at 3] To the extent that any such claims have not already been litigated in Petitioner's previous Section 1983 suit (3:14-cv-690-JHM), they would still fail for lack of factual pleading.

1. The Magistrate Judge's Report and Recommendation [**R. 15**] is **ADOPTED IN PART** as the opinion of this Court.

2. The **Amended Petition for Writ of Habeas Corpus [R. 8]** is **DENIED** and **DISMISSED WITH PREJUDICE**.

3. A Certificate of Appealability is **DENIED** pursuant to 28 U.S.C. § 2254.

This the 13th day of September, 2018.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY